FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 MAR 23 PM 4:28

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FEONTA LASHAE MORRELL,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　　CASE NOS. CV415-192
　　　　　　　　　　　　　　　　　　)　　　　　　　　　CR412-013
UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Respondent.　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

**O R D E R**

Before the Court is Petitioner's Motion for Reconsideration. (Doc. 13.)[1] On September 14, 2017, the Magistrate Judge recommended dismissal of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) pursuant to 28 U.S.C. § 2255. (Doc. 9.) After a thorough review of the record, this Court agreed with the report and recommendation and denied Petitioner's § 2255 motion on October 16, 2017. (Doc. 11.) At the time, Petitioner had failed to file any objections to the report and recommendation.

On November 2, 2017, however, Petitioner filed a motion for reconsideration. (Doc. 13.) In his motion, Petitioner asserts that he attempted to file objections to the report and recommendation on September 26, 2017. (Id.) Petitioner requests that the Court reconsider its previous order in light of his

---

[1] Unless otherwise stated, all citations are to Petitioner's civil docket, CV415-192.

objections. (Id.) Even if the Court were to consider Petitioner's objections, however, Petitioner's § 2255 motion still must be denied.

In his objections, Petitioner fails to object to the Magistrate Judge's findings with respect to many of his initial claims. (Doc. 13, Attach 1.) Instead, Petitioner focuses on his claim that his attorney failed to properly advise him of the potential sentence range in this case. (Id. at 7.) Petitioner argues that if he had been given the appropriate sentence range by his attorney then he would have not pled guilty in this case and insisted on taking his case to trial. (Id.)

As stated in the report and recommendation, however, Petitioner's claim is untimely. Judgment in Petitioner's case was entered on August 17, 2012 (CR412-013, Doc. 36) and, because Petitioner did not file an appeal, his sentence became final 14 days later. Petitioner did not file his motion to vacate under § 2255 until June 29, 2015. (See Doc. 1.) Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner was required to raise any challenge to his sentence within one year of the date in which his sentence became final. 28 U.S.C. § 2255. In this case, Petitioner has clearly failed to comply with AEDPA's one-year statute of limitations. In his objections, Petitioner has provided no basis for this Court to toll that one-year period, or otherwise find that his motion is

timely. Because Petitioner has failed to provide any meritorious objection which would warrant reconsidering the denial of his § 2255 petition, Petitioner's Motion for Reconsideration is **DENIED**. This case shall remain closed.

SO ORDERED this _28th_ day of March 2019.

_____

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA